HENRY K. NORTON, TRUSTEE OF THE PROPERTY OF NEW YORK, SUSQUEHANNA AND WESTERN RAILROAD COMPANY, PROSECUTOR, v. THE STATE BOARD OF TAX APPEALS AND THE STATE TAX COMMISSION OF THE STATE OF NEW JERSEY, RESPONDENTS.

Argued May 3, 1944—Decided July 21, 1944.

Before Justices CASE, BODINE and PORTER.

For the prosecutor, *Ralph E. Lum (Chester W. Fairlie,* of counsel).

For the respondents, *Walter D. Van Riper,* Attorney-General *(Benjamin C. Van Tine,* Deputy Attorney-General, of counsel).

For the intervenors, Delaware, Lackawanna and Western Railroad Company and Lehigh Valley Railroad Company, *Maximilian M. Stallman* and *Edward A. Markley.*

The opinion of the court was delivered by

PORTER, J.    This writ brings before us for review the assessment by the State Tax Commissioner of the franchise excise tax against the prosecutor, New York, Susquehanna and Western Railroad Company, for the year 1943 and the judgment of the State Board of Tax Appeals, confirming the said assessment.

The statute under which this assessment was made is chapter 291, *Pamph. L.* 1941, as amended by chapter 169, *Pamph. L.* 1942 *(R. S.* 54:29A–14). It provides for a railroad franchise tax based on the net railway operating income of interstate systems having roads in this state, the allocation of such income taxable in New Jersey being in the proportion which its total track mileage in New Jersey bears to all tracks over which the system operates.

It appears that the methods of railroad accounting are systematized generally in the business and are recognized as uniform in state and federal tax legislation. In computing the tax the State Tax Commissioner adopted as the basis the

methods of accounting as required by the Federal Interstate Commerce Commission (hereinafter referred to as commission).

The prosecutor says that its net railway operating income for 1943 was the sum of $642,363, on which the tax should be based. The state disallows two items on which the net income is based, one of $75,366.92 for depreciation on road and structures, and the other of $198,679 claimed as railway tax accruals. The State Tax Commissioner does not dispute the correctness of these items but disallowed them because they were not reported, as he alleges they should have been, in the prosecutor's report to the Interstate Commerce Commission. The statute *supra,* section 14, provides that deductions for depreciation shall be allowed and uses this language: "Depreciation charges shall in no instance, however, exceed the amount claimed by the railroad for depreciation in its report or reports to the Interstate Commerce Commission and fixed, or if none was claimed then as fixed, by the Interstate Commerce Commission in determining the net railway operating income of the railroad for the year under consideration." The state contends that the report to the commission did show items of depreciation but did not include this item of $75,366.92. Therefore, it is now precluded from claiming it as a deduction because the items of deduction have been settled or fixed by the report to the Interstate Commerce Committee under the quoted section of the statute. We think not. The clear legislative intent is to tax on the basis of net railway income and to allow the specified items of deduction. The state admits that had this item been included as an item of depreciation in the federal report, it would have been allowed. We do not think that the omission of the item in the report is conclusive. The commission does not determine the net railway operating income. That is the duty of the State Tax Commissioner and is based on the evidence before him. In this case he had the sworn report of the prosecutor showing items of deduction, the correctness of which are not challenged. The report to the commission is not for the purpose of fixing tax liability but is for the eliciting of statistical information. Its only bearing on the statute under con-

sideration is that it limits the State Tax Commissioner in the above quoted portion to the allowance of any depreciation in excess of that "claimed or fixed." Did the report of the prosecutor to the commission fix the amount within the meaning of the act? We think not. The prosecutor reported no "depreciation on ways and structure" as stated. From the proofs it appears that the prosecutor was not obliged to report this depreciation to the commission. To do so was optional. The testimony was that most of the larger roads did make such charges, but the smaller ones did not because it affected their net railway operating income as shown on the reports to the commission. The report to the commission did not claim any deduction for depreciation, &c., so none was or, we think, could be fixed within the meaning of the statute. Not being fixed, there was no standard limiting the amount claimed by the prosecutor in its return to the state; and so the State Tax Commissioner was in error in disallowing this deduction because of its not having been reported to the commission.

The disallowance of the $198,679 for tax accruals by the State Tax Commissioner was also disallowed because that item was not included in the prosecutor's report to the commission as a tax accrual. It was reported as a contingent liability. Accepted railroad accounting is that railway tax accruals are only such when the tax liability becomes a known liability. Like the depreciation item, we do not think the fact that it was not so reported precluded its deduction by the State Tax Commissioner. While the Commissioner would have allowed the deduction had it been included in the report to the commission as a tax accrual, the view of the State Board of Tax Appeals, as expressed in its opinion, was that it was not a proper deduction anyway because it was not a tax accrual for the year 1943, as it covered taxes assessed for the years 1933 to 1936, inclusive. The theory was that these taxes became due and payable during the year in which they were assessed and they therefore accrued in those years. For the purpose of ascertaining the amount of net railway operating income on which to assess the tax, we think that the date when the liability for taxes became known, rather than

when the assessments were made, governs. We must interpret the statute in the light of its purpose, giving its language the recognized meaning of railroad accounting. Net railway operating income means what the facts are as shown by proper books of railroad accounting. Railway tax accruals within the meaning of the statute, it seems to us, may not be defined, as was done below, by accruals in the year when the assessments were levied, but rather when the validity of the assessments in dispute and litigation were finally adjudicated or agreed to. This has been the established rule in disputes concerning federal income taxes. We think this principle is analogous. Compare *United States* v. *Anderson, 269 U. S. 422; Dixie Pine Products Co.* v. *Commissioner of Internal Revenue,* 320 *Id.* 516; *Security Flour Mills Co.* v. *Commissioner of Internal Revenue,* 321 *Id.* 281.

Concluding that both of these disputed items of deduction were erroneously disallowed, the judgment under review will be set aside and the matter remanded to the State Tax Commissioner for reassessment in accordance with the views herein expressed, with costs.